IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| CLIFFORD P. TURNER, #00309400, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:23-cv-018-JDK-JDL |
| | § | |
| SECRETARY, DEPT. OF CORR., | § | |
| | § | |
| Defendant. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Clifford P. Turner, an inmate of the Texas Department of Criminal Justice proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The case was transferred to this Court for proper venue and was referred to United States Magistrate John D. Love for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Promptly after the transfer, Judge Love found Plaintiff's complaint deficient and ordered him to file an amended complaint on the approved form, which was provided with the Order, within thirty days. Docket No. 8. By separate Order, he also gave Plaintiff thirty days to either pay the $402 filing fee or submit an application to proceed *in forma pauperis* (IFP) "along with a certified *in forma pauperis* data sheet reflecting the balance in his inmate trust account for the past six months." Docket No. 7.

On March 20, 2023, Judge Love issued a Report recommending that Plaintiff's civil rights lawsuit be dismissed for failure to prosecute because Plaintiff had failed

to comply with either order. Docket No. 10. A copy of this Report was mailed to Plaintiff, who received it on March 31, 2023. Docket No. 11. Plaintiff did not file written objections.

This Court reviews the findings and conclusions of the Magistrate Judge de novo only if a party objects within fourteen days of the Report and Recommendation. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Here, Plaintiff did not object in the prescribed period. Instead, he filed an IFP application that was not properly supported with a trust account statement as required by both Judge Love's Order and the applicable law. Docket No. 7; 28 U.S.C. § 1915(a)(2). He also filed a set of institutional grievance documents, which cannot not constitute the proper amended complaint he was ordered to file. Docket No. 12. Neither of these filings amounts to an objection to the pending Report or compliance with either Order underlying the Report.

The Court therefore reviews the Magistrate Judge's findings for clear error or abuse of discretion and reviews his legal conclusions to determine whether they are contrary to law. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989) (holding that, if no objections to a Magistrate Judge's

Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law.").

Having reviewed the Magistrate Judge's Report and the record in this case, the Court finds no clear error or abuse of discretion and no conclusions contrary to law. Accordingly, the Court hereby **ADOPTS** the Report and Recommendation of the United States Magistrate Judge (Docket No. 10) as the findings of this Court. It is therefore **ORDERED** that this case is **DISMISSED** without prejudice for failure to prosecute and failure to comply with the Court's orders. All pending motions are **DENIED** as **MOOT**.

So **ORDERED** and **SIGNED** this **24th** day of **April, 2023.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE